KETHLEDGE, Circuit Judge.
A grand jury charged John Rankin with seventeen counts of violating federal tax laws. Rankin moved to dismiss, arguing that this prosecution violated the Double Jeopardy Clause. Rankin also moved for discovery in support of his double-jeopardy claim. The district court denied both motions. We affirm.
I.
In 2001, Rankin became the majority shareholder and president of a closely held software corporation, Connectivity Systems, Incorporated. Rankin also owned several hospitality businesses—including bars, restaurants, and movie theaters— that consistently lost money. Rankin began transferring hundreds of thousands of dollars from Connectivity to his failing hospitality businesses each year. Soon Connectivity began having trouble paying its employees and creditors. Under Rankin’s control, Connectivity eventually stopped generating financial statements and filing corporate tax returns.
Edward Franks, a minority shareholder of Connectivity, sued Rankin in state court. Franks argued that Rankin had breached his fiduciary duties by self-dealing and failing to keep accurate accounts. The state trial court agreed and issued a preliminary injunction to “keep a bad situation from becoming fatal to the business.” As part of the order, the court prohibited Rankin from receiving any pay, but required him to continue serving as Connectivity’s president. Rankin appealed the injunction. The Ohio Court of Appeals held that requiring Rankin to serve as president without pay violated the Thirteenth Amendment’s prohibition on involuntary servitude. Franks v. Rankin, Nos. 11AP-934, 11AP-962, 2012 WL 1531031, at *14-15 (Ohio Ct. App. May 1, 2012).
More than three years later, a grand jury indicted Rankin for failing to withheld taxes in violation of 26 U.S.C. § 7202, willfully making false declarations on federal income tax returns in violation of 26 U.S.C. § 7206(1), and willfully misleading and obstructing IRS agents in violation of 26 U.S.C. § 7212(a). Rankin filed a motion to dismiss on double-jeopardy grounds, arguing that the alleged imposition of involuntary servitude in Franks itself amounted to criminal jeopardy and thus precluded this prosecution. He also moved for discovery in -support of his motion to dismiss. The district court denied both motions. This appeal followed.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See Abney v. United States, 431 U.S. 651, 658-63, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).
*437 A.
We review de novo the district court’s denial of Rankin’s motion to dismiss this case on double-jeopardy grounds. United States v. Mardis, 600 F.3d 693, 696 (6th Cir. 2010).
Rankin argues that this federal tax prosecution violates the Double Jeopardy Clause because it involves the “same offense” as Franks, a state civil case; and, in Rankin’s view, Franks already punished him criminally for that offense. The Double Jeopardy Clause prohibits the government from putting a person “in jeopardy of life or limb” twice for the “same offense.” U.S. Const, amend. V. Offenses are not the same when, looking at their statutory elements, they each “require[ ] proof of a fact which the other does not.” Jackson v. Smith, 745 F.3d 206, 211 (6th Cir. 2014) (quoting Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)); United States v. Evans, 951 F.2d 729, 732-33 (6th Cir. 1991). Although here we could affirm the district court on multiple grounds, the simplest is that the federal tax charges in this prosecution are not the “same” as the state fiduciary-duty claims in Franks,
In Ohio, a fiduciary-duty claim has three basic elements: the existence of a fiduciary duty, the breach of that duty, and harm to the plaintiff. Wells Fargo Bank, N.A. v. Sessley, 188 Ohio App.3d 213, 935 N.E.2d 70, 83 (2010). A minority shareholder in a closely held corporation, like the plaintiff in Franks, must show specifically that a controlling shareholder misused corporate power for personal benefit at the minority’s expense. See Crosby v. Beam, 47 Ohio St.3d 105, 548 N.E.2d 217, 220-21 (1989).
The charges in this prosecution are completely different. The grand jury charged Rankin with tax crimes under three provisions of the Internal Revenue Code, and the government must prove- each beyond a reasonable doubt. First, on the charge of failing to withhold taxes, the government must prove that Rankin willfully failed “to collect or truthfully account for and pay over” taxes imposed by the Internal Revenue Code. 26 U.S.C. § 7202. Second, on the charge of. falsifying tax returns, the government must prove that Rankin willfully made false and material statements on federal income tax returns that he signed under penalty of perjury. 26 U.S.C. § 7206(1). Third, on the charge of obstructing the IRS, the government must prove that Rankin intimidated or impeded the IRS “corruptly or by force or threats of force.” 26 U.S.C. § 7212(a). The plaintiff in Franks did not need to prove any of these elements. And the government here does not need to prove that Rankin was a majority shareholder of a closely held corporation or that he violated his fiduciary duties. The “offenses” in Franks and this prosecution are not the “same” because each has elements the other does not. See Jackson, 745 F.3d at 211. Thus, this prosecution does not violate the Double Jeopardy Clause. The district court properly denied Rankin’s motion to dismiss.
B.
Rankin also argues that the district court erred by denying his motion for limited discovery in support of his double-jeopardy claim. We review the denial of a discovery request for abuse of discretion. See In re Bayer Healthcare & Merial Ltd. Flea Control Prods. Mktg. & Sales Practices Litig., 752 F.3d 1065, 1074 (6th Cir. 2014), “A district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant[.]” United States v. Dairy Farmers of Am., Inc., 426 F.3d 850, 862 (6th Cir. 2005) (citation omitted). Here, Rankin asked to review grand-jury testimony, see IRS *438 notes and reports, and depose ten people. But nothing Rankin seeks could save his double-jeopardy claim. The fiduciary-duty claims in Franks did not involve the “same offense[s]” as those charged in this prosecution, so the Double Jeopardy Clause does not apply. See U.S. Const, amend. V. Any discovery would be pointless. Thus, the district court did not abuse its discretion in denying Rankin's motion. See Dairy Farmers of Am., Inc., 426 F.3d at 862.
The district court’s judgment is affirmed.